UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VLADIMIR MICHELLE MIKHOV, <br> ANGELA NMN MIKHOV, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> INTERNAL REVENUE SERVICE, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:23-cv-00856-SEB-MKK <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW REFERENCE AND CONSOLIDATING PROCEEDINGS**

Pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011-1(a), the Government moves to withdraw the reference of Adversary Proceeding No. 23-50008 (the "Adversary Proceeding") from the United States Bankruptcy Court for the Southern District of Indiana and to consolidate the Adversary Proceeding with *United States v. Mikhov*, No. 1:22-cv-01321-SEB-MKK (S.D. Ind.) ("*Mikhov I*"). For the reasons stated below, the Government's motion is **GRANTED**.

## BACKGROUND[1]

On April 20, 2017, Vladmir and Angela Mikhov (the "Mikhovs") filed a Chapter 7 bankruptcy petition in this district, for which they received a discharge on December 14, 2017.[2] Five years later, on July 5, 2022, the Government initiated the *Mikhov I* litigation against the Mikhovs in the District Court. In Count I, the Government sought an order reducing to judgment the Mikhovs' federal tax income liabilities (plus interest) for tax years 2008 through 2014, pursuant to 26 U.S.C. § 7402. Anticipating the Mikhovs' discharge defense based on their 2017 bankruptcy, the Government alleged that the tax liabilities incurred from 2008 through 2012 were statutorily excepted from discharge. *See* 11 U.S.C. § 523(a)(1)(C) (excepting from bankruptcy discharge any tax debt "with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat"). As for tax years 2013 and 2014, the Government alleged that those liabilities were excepted from discharge under Sections 523(a)(1)(A) and (a)(7), because they accrued before the three-year prepetition cutoff date.

In the first of many efforts to have this case referred to the Bankruptcy Court, the Mikhovs filed a "Notice of Filing of Notice of Removal," which referenced their filing of a removal notice in the Bankruptcy Court, ostensibly pursuant to Bankruptcy Rule 9027

---

[1] Many of the underlying facts of this litigation have been detailed in our prior orders. *See generally Mikhov I*, 645 BR 609 (S.D. Ind. 2022) (Order on Parties' Motions Regarding Removal and/or Referral of This Proceeding to the Bankruptcy Court); *Mikhov I*, No. 1:22-cv-01321-SEB-MKK, dkt. 63 (S.D. Ind. May 25, 2023) (Order Denying Defendants' Motion to Dismiss Count II of the Amended Complaint). We restate those facts only to the extent they are relevant to the Government's motion, citing to our prior orders when necessary.

[2] As of the date of this Entry, the bankruptcy case remains pending. *In re Mikhov*, Ch. 7 Case No. 17-02880-JJG-7 (Bankr. S.D. Ind.).

and 28 U.S.C. § 1452(a). Less than a week later, the Government moved us to void the Mikhovs' removal notice, to which motion the Mikhovs did not respond; rather, they filed a "Motion to Confirm Referral of Proceeding to Bankruptcy Court or, in the Alternative, to Refer Proceeding to Bankruptcy Court," reasserting that the lawsuit had been automatically referred to the Bankruptcy Court and that they possessed the right to remove the action back to the Bankruptcy Court.

As these motions pended, the Government filed an Amended Complaint, adding a second count and naming a third defendant, Commercial and Residential Construction Services, LLC ("C&R"), a business owned by the Mikhovs' daughter, Ilona Mikhov. Count II specifically sought a determination that the Mikhovs' federal tax liens encumber a parcel of real property (the "C&R Property") held in the name of non-Debtor entity C&R, which the Government claimed was the Mikhovs' alter ego. The Mikhovs and C&R then jointly moved the District Court (1) to confirm referral of the proceedings to the Bankruptcy Court, or, alternatively, to refer the proceedings to the Bankruptcy Court; and (2) to dismiss Count II for failure to state a claim upon which relief could be granted. In these motions, the Mikhovs argued that the Bankruptcy Court must first determine whether their tax liabilities were excepted from discharge before the Government could enforce those liabilities in the District Court.

On November 21, 2022, we issued an order addressing the removal/referral motions, holding that: (1) the bankruptcy removal statute, 28 U.S.C. § 1452, did not permit removal from federal district court to bankruptcy court; (2) the Government's cause of action did not "arise under" Title 11, and, thus, was not automatically referred to the Bankruptcy

Court pursuant to our Local Rules; and (3) in light of serious questions regarding the Bankruptcy Court's jurisdiction to hear all of the asserted claims, judicial efficiency interests counseled our retention of jurisdiction. *Mikhov I*, 645 B.R. at 615, 617, 619. Additionally, we clarified for the Mikhovs that the Government's authority to "reduce tax assessments to judgments . . . exists irrespective of whether a taxpayer has been through bankruptcy"; therefore, their "intention to raise a discharge defense d[id] not transform or alter the nature of this case, nor d[id] it create jurisdiction within the Bankruptcy Court." *Id.* at 618. We also advised that the Mikhovs' interpretation of the bankruptcy removal statute was both "illogical" and belied by the "plain language" of the statute, *id.* at 615; that their reliance on our Local Rule was "entirely misplaced," *id.* at 617; and that they had "cited not a single case" supporting their contentions, *id.* at 618.

On January 20, 2023, on the heels of our order declining their requests for Bankruptcy Court referral, the Mikhovs initiated an Adversary Proceeding in our Bankruptcy Court. On February 8, 2023, they filed an Amended Complaint, seeking: (1) a declaratory judgment that a majority of their tax liabilities were discharged by the 2017 bankruptcy; (2) a determination that the Government's filing and refiling of Notices of Federal Tax Lien against C&R (alleged to be the Mikhovs' alter ego) violated the discharge injunction under 11 U.S.C. § 524(a)[3]; and (3) a determination that the Amended Complaint

---

[3] Upon a bankruptcy discharge entry, section 524(a) imposes a permanent injunction that "void[s] any judgment for personal liability on discharged debt and enjoin[s] the commencement or continuation of suits and collection efforts against the debtor personally." William Houston Brown, *Consumer Bankruptcy Law: Chapters 7 & 13* 112 (2014). While bankruptcy discharge extinguishes *in personam* claims, it "leav[es] intact another—namely an action against the debtor *in rem*." *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991).

4

in *Mikhov I* and the filing and refiling of Notices of Federal Tax Lien against C&R violated the automatic stay under 11 U.S.C. § 362(a)(3).[4] The Mikhovs also regarded our *Mikhov I* order as their green light to file the Adversary Proceeding, preemptively disclaiming that such a maneuver was either "duplicative" or "improper." Dkt. 1-2 at 21 n.2.

On March 7, 2023, within the thirty-five-day deadline to file an answer, Fed. R. Bankr. P. 7012, the Government moved to withdraw the reference as to the Adversary Proceeding and consolidate this instant cause of action with *Mikhov I*. Following the submission of the parties' briefs, the Bankruptcy Court timely transmitted the materials to our Clerk of Court, who docketed this motion on May 18, 2023, fully briefed and ripe for ruling.[5]

## DISCUSSION

Under 28 U.S.C. § 157(d), a district court may withdraw the reference of a proceeding from the bankruptcy court, either on its own motion or on a "timely motion" of any party, where there is "cause shown."[6] Though district courts have broad discretion in determining whether to withdraw a reference for cause shown, permissive withdrawal is

---

[4] Under section 362, an automatic stay goes into effect upon commencement of a bankruptcy case, without the need for any court action, and precludes creditor efforts to obtain possession of or exercise control over property of the bankruptcy estate. Brown, *supra*, at 26. While individual debtor protection terminates when discharge is granted, debtor property remains protected until either it no longer belongs to the bankruptcy estate or the bankruptcy case is closed or dismissed. *Id.*

[5] On May 25, 2023, we issued our second order in *Mikhov I*, denying the Mikhovs' motion to dismiss Count II of the Government's Amended Complaint. *Mikhov I*, No. 1:22-cv-01321-SEB-MKK, dkt. 63 (S.D. Ind. May 25, 2023). There, we reiterated many of the legal holdings we explicated in our first *Mikhov I* order. Though the Mikhovs' responsive brief here was prepared without the benefit of our May 25th order, we note that this is now the third occasion that they have constructed legally baseless contentions previously rejected by this Court.

[6] Section 157(d) also requires mandatory withdrawal under circumstances not relevant here.

5

typically "the exception, rather than the rule," because "bankruptcy jurisdiction is 'designed to provide a single forum for dealing with all claims to the bankrupt's assets.' " *In re K & R Express Sys., Inc.*, 382 B.R. 443, 446 (N.D. Ill. 2007) (quoting *Xonics v. First Wis. Fin. Corp.*, 813 F.2d 127, 131 (7th Cir. 1987)). Thus, permissive withdrawal operates on "a presumption that Congress intended to have bankruptcy proceedings adjudicated in the bankruptcy court unless rebutted by a contravening policy." *In re Conseco Fin. Corp.*, 324 B.R. 50, 53 (N.D. Ill. 2005) (internal quotation and citation omitted). To demonstrate sufficient cause, the moving party must show that "withdrawal of reference is essential to preserve a higher interest than that recognized by Congress and is narrowly tailored to serve that interest." *Vista Metals Corp. v. Metal Brokers Int'l Inc.*, 161 B.R. 454, 456 (E.D. Wisc. 1993) (internal quotations and citations omitted).

The Mikhovs challenge the Government's Motion to Withdraw Reference for its untimeliness and lack of sufficient cause, but, as explicated in greater detail below, we disagree with those assertions. Because the Adversary Proceeding is, at bottom, yet another attempt by the Mikhovs to engage the Bankruptcy Court in disposing of matters originating in District Court in (an obvious) derogation of the District Court's authority to manage its own proceedings, the Government's motion to withdraw the reference of the Adversary Proceeding and to consolidate it into this litigation is granted.

**I.     Timeliness**

A motion to withdraw reference must be "timely," meaning that it was filed "either as soon as possible[ ] or at the first reasonable opportunity after the moving party had notice of the grounds for withdrawal." *In re Chemetco, Inc.*, 308 B.R. 339, 342 (Bankr. S.D. Ill.

2004) (internal alterations and citations omitted). Failure to act diligently operates as a waiver of that party's right to withdraw. *In re Mahlmann*, 149 B.R. 866, 869 (N.D. Ill. 1993) (collecting cases). Ultimately, "[a] court's evaluation of timeliness should be based upon the particular facts of the case, including whether the moving party has a legitimate interest in the withdrawal or is merely employing 'stalling tactics' designed to prejudice the non-moving party." *Vista Metals Corp.*, 161 B.R. at 457 (internal citations omitted).

Of course, a statutory prerequisite to any withdrawal, whether mandatory or permissive, is that "there be a 'proceeding,' i.e., a contested matter between debtor and a claimant *in the bankruptcy court* to be withdrawn." *In re Trans World Airlines, Inc.*, 280 B.R. 806, 807 (D. Del. 2002) (internal quotation and citation omitted) (emphasis added); *see also In re E & S Facilities, Inc.*, 181 B.R. 369, 371 (S.D. Ind. 1995) (discussing whether preexisting bankruptcy proceedings are "contested" for purposes of withdrawal motion), *aff'd sub nom.*, *Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949 (7th Cir. 1996). Generally, the requisite bankruptcy proceedings are either contested matters or adversary proceedings. *In re Trans World Airlines*, 280 B.R. at 807.

Upon reviewing the relevant procedural timeline here, we find that the Government's motion to withdraw the reference was timely filed. The Mikhovs initiated the Adversary Proceeding in January 2023 and filed an amended complaint in February 2023. By March 2023—before the thirty-five-day deadline to answer had expired—the Government moved to withdraw reference. Other courts in this circuit have found that motions to withdraw reference were timely when filed contemporaneously with the moving party's answer. *Vista Metals Corp.*, 161 B.R. at 457. Thus, we are satisfied that the filing

7

of a motion to withdraw reference before a responsive pleading is ever due comfortably meets the party's obligation to do so at the "first reasonable opportunity." *In re Chemetco, Inc.*, 308 B.R. at 342.

The Mikhovs argue that the Government's motion to withdraw is untimely because eight months had elapsed between the filing of the *Mikhov I* Complaint and the instant motion. They assert that the Government erred by failing to seek preemptive withdrawal, based on its anticipation of the Mikhovs' discharge defense. This argument is logically untenable. The Adversary Proceeding—i.e., the relevant bankruptcy court proceeding—conferred the necessary grounds for the Government's withdrawal motion. The Government's *Mikhov I* Complaint was not filed in the Bankruptcy Court; therefore, it did not constitute the type of requisite "proceeding" contemplated by section 157(d). Prior to the Mikhovs' filing of the Adversary Proceeding, any effort on the Government's part to withdraw reference would have been premature.

As to the particular circumstances of the case at bar, we find that the timing of the Adversary Proceeding—rather than the Motion to Withdraw Reference—discloses telling evidence regarding the Mikhovs' motives. Indeed, only *after* our *Mikhov I* order made clear the futility of their effort to move the proceedings to the Bankruptcy Court did the Mikhovs initiate the Adversary Proceeding, raising a claim identical to one over which we expressly had retained jurisdiction. Contrary to the Mikhovs' contentions, their litigation strategy is the sole source of any legitimate timeliness concerns.

**II.     Cause Shown**

To determine whether the moving party has satisfied the "cause" requirement of permissive withdrawal, district courts typically undertake and evaluate six factors: (1) whether the proceeding is core or non-core; (2) judicial economy, convenience, and the particular court's knowledge of the facts; (3) the promotion of uniformity and efficiency of bankruptcy administration; (4) the reduction of forum shopping and confusion; (5) conservation of debtor and creditor resources; and (6) whether the parties have requested a jury trial. *Levin v. FDIC*, No. 1:11-cv-704-WTL-TAB, 2012 WL 177392, at *3 (S.D. Ind. Jan. 19, 2012).

Where considerations of core/non-core proceedings overlap with considerations of efficiency, uniformity, and judicial economy, courts sometimes use the former inquiry as a shorthand method of analysis re: the latter. *Id.* at *3; *In re K & R Express Sys., Inc.*, 382 B.R. at 446. However, that a proceeding is statutorily "core" is not dispositive when countervailing concerns rebut the presumption against withdrawal. *Levin*, 2012 WL 177392, at *3; *see also In re Enviro-Scope Corp.*, 57 B.R. 1005, 1008 (E.D. Pa. 1985) ("A district court is not foreclosed from withdrawing a reference to a bankruptcy court because a matter is found to be a core proceeding.").

In this case, the Government readily concedes that the issues raised in the Adversary Proceeding are core proceedings, but it argues that the remaining factors demonstrate convincing reasons ("cause") to withdraw the reference. We find that the relevant considerations under section 157(d) overwhelmingly counsel in favor of withdrawing the reference.

Judicial economy, convenience, and our knowledge of the facts all weigh in favor of withdrawing the reference of the Adversary Proceeding. As to Count I of the Adversary Proceeding Complaint (regarding the Mikhovs' dischargeability claim), we have already held that "the interests of judicial efficiency are better served by our retention of [that claim] on our docket." *Mikhov I*, 645 B.R. at 618. We explained that "[f]orcing either party to litigate the dischargeability issue in bankruptcy court, only to present that declaratory judgment to district court, is a waste of resources." *Id.* at 619 (quoting *In re Varner*, No. 14-91103, 2021 WL 5312469, at *2 (Bankr. N.D. Ohio Nov. 15, 2021)) (internal quotation marks omitted). Our reasoning extends to Counts II and III (regarding the discharge injunction and the automatic stay violations), for we doubt the sensibility of bifurcating claims that are premised on the very cause of action currently pending before the District Court. Therefore, clearly, withdrawing reference and consolidating these proceedings to a single forum will best serve judicial economy, save the parties' resources, and protect the parties from potentially inconsistent results. *In re Sevko, Inc.*, 143 B.R. 114, 117 (N.D. Ill. 1992).

Relatedly, we find that the withdrawal of the reference to the Adversary Proceeding will have no adverse impact on the uniformity and efficiency of the bankruptcy administration. In the Mikhovs' view, the relief sought in the *Mikhov I* Amended Complaint risks our misreading of prior orders entered in the underlying bankruptcy case. But, as the Government makes clear, withdrawing the reference to the instant Adversary Proceeding will have no bearing on matters currently before the Bankruptcy Court, and, to the extent that the Government seeks relief prohibited by the ongoing bankruptcy case, the proper

10

course of action is to file a motion in that case. The Mikhovs' concern, therefore, is misplaced and does not lend itself against withdrawing the reference.

Piecemeal litigation, such as what the Mikhovs instigate here, severely counteracts the reduction of forum shopping and underserves the conservation of debtor resources. As our prior orders have made abundantly clear: "The District Court possesses the requisite jurisdiction to adjudicate *all* the claims here presented." *Mikhov I*, 645 B.R. at 619 (emphasis added); *Mikhov I*, No. 1:22-cv-01321-SEB-MKK, dkt. 63 at 11 (S.D. Ind. May 25, 2023). Indeed, district courts can, and often do, determine whether a bankruptcy discharge precludes the enforcement of certain tax liabilities. *E.g.*, *United States v. Gorokhovsky*, 575 F. Supp. 3d 1050, 1057–61 (E.D. Wis. 2021); *United States v. Hall*, No. EV99-0147-C-Y/H, 2002 WL 471800, at *5 (S.D. Ind. Feb. 12, 2002); *Kerger v. United States*, 609 F. Supp. 3d 562, 570 (N.D. Ohio 2022), *appeal dismissed* (Feb. 10, 2023); *United States v. Coney*, 689 F.3d 365, 370 (5th Cir. 2012). Additionally, "creditors seeking a nondischargeability determination need not submit to the jurisdiction of the bankruptcy court, but instead may invoke the jurisdiction of any appropriate nonbankruptcy forum either before or after the bankruptcy proceeding has been closed. *Whitehouse v. LaRoche*, 277 F.3d 568, 576 (1st Cir. 2002) (collecting cases). The Mikhovs' insistence that the Bankruptcy Court must (or even ought to) decide the dischargeability issue is, for these reasons, premised entirely on a fallacy; consequently, the Mikhovs have failed to demonstrate the utility of the piecemeal litigation they seek.

Nor does the addition of Counts II and III in the Adversary Proceeding Complaint alter our conclusion. Insofar as the Mikhovs could ultimately prevail on those counts,[7] the Bankruptcy Court cannot prohibit the Government from proceeding further in an action pending before the District Court. *Lower Brule Constr. Co. v. Sheesley's Plumbing & Heating Co.*, 84 B.R. 638, 644 (D.S.D. 1988); *see also In re Curtis*, 571 B.R. 441, 447–48 (B.A.P. 9th Cir. 2017). Indeed, because district courts have original jurisdiction over all bankruptcy matters, we, too, "possess[ ] the authority to construe [bankruptcy statutes] and decide what effect" they may have on our proceedings. *Matter of Mahurkar Double Lumen Hemodialysis Catheter Pat. Litig.*, 140 B.R. 969, 974 (N.D. Ill. 1992). As the Government emphasizes, the Mikhovs simply cannot invoke the power of a separate court—whose own authority derives from the District Court's referral—to overrule or interfere with District Court proceedings.

The Mikhovs do not address the problems of forum-shopping and confusion, likely because, as the Government posits, the underlying purpose of the Adversary Proceeding Complaint—which asserts claims that the District Court has already stated it would resolve and which seeks relief that would effectively declare the District Court case void—is a

---

[7] Though we withhold further discussion on the merits of Counts II and III, we note that those claims, too, seem to be another example of the Mikhovs' resistance to our jurisdiction. In fact, Counts II and III are facially incompatible with our prior holding, wherein we determined that: (1) the C&R Property is not part of the bankruptcy estate and, thus, upon entry of the 2017 discharge, could no longer be protected by the automatic stay; and (2) because the Government seeks *in rem* relief, the discharge injunction is not implicated by the filing of the Notice of Federal Tax Lien on the C&R Property. *See generally Mikhov I*, No. 1:22-cv-01321-SEB-MKK, dkt. 63 at 11–16 (S.D. Ind. May 25, 2023). Moreover, we have already expressed serious doubts about the Bankruptcy Court's jurisdiction over claims relating to the C&R Property, which is not part of the bankruptcy estate and for which the statutory period to bring it within the bankruptcy estate has expired. *Mikhov I*, 645 B.R. at 619.

flagrant attempt to interfere with our exercise of jurisdiction. Since the *Mikhov I* litigation began, the Mikhovs' counsel has insisted on hindering the process leading to a disposition on the merits by way of groundless—and repeatedly rejected—legal assertions. In doing so, the Mikhovs' counsel has spurred unreasonable and unnecessary litigation, thereby greatly underserving the debtors' interest in conserving resources and delaying proceedings.[8]

Because considerations of judicial economy, reducing forum shopping and confusion, and conserving the parties' resources overwhelmingly weigh in favor of withdrawing the reference to the Adversary Proceeding, we also find that, regardless of the parties' requests for a jury trial, all claims asserted in this litigation should be adjudicated together in one forum. *See In re K & R Express Systems, Inc.*, 382 B.R. at 448.

**III.    Consolidation**

Pursuant to Federal Rule of Civil Procedure 42(a)(2), the District Court is authorized to consolidate actions "involv[ing] a common question of law or fact." Consolidation promotes "convenience and economy for both parties and the Court." *Coomer v. Noel*, No. 4:22-cv-00079-TWP-KMB, 2023 WL 2116382, at *2 (S.D. Ind. Feb. 17, 2023) (citing *Hall v. Hall*, 138 S. Ct. 1118, 1126 (2018)). Likewise, case consolidation helps to avoid "wasteful overlap when related cases are pending in the same court." *Id.* (internal quotation and citation omitted).

---

[8] Such unreasonable and vexatious multiplication of the proceedings is the type of disfavored litigation strategy that may open the door to sanctions under 28 U.S.C. § 1927.

Given the clear factual and legal interrelatedness between *Mikhov I* and this action, consolidation is altogether appropriate. Accordingly, we consolidate the cases as follows:

- Case No. 1:22-cv-01321-SEB-MKK (*Mikhov I*) remains open and shall proceed.

- The Clerk is directed to close Case No. 1:23-cv-00856-SEB-MKK. No final judgment will issue.

- The Clerk is directed to docket a copy of this Order in Case No. 1:22-cv-01321-SEB-MKK.

- All future filings shall be filed under Case No. 1:22-cv-01321-SEB-MKK.

## CONCLUSION

For the foregoing reasons, the Government's Motion to Withdraw Reference, dkt. 1, is **GRANTED**. The Clerk is directed to effect withdrawal of the reference to the Adversary Proceeding No. 23-50008 and to consolidate this cause of action with *United States v. Mikhov*, No. 1:22-cv-01321-SEB-MKK.

IT IS SO ORDERED.

Date: 12/19/2023

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jason R. Burke
BLACKWELL, BURKE & RAMSEY, P.C.
jburke@bbrlawpc.com

Isabelle Dietz
DOJ-Tax
isabelle.dietz@usdoj.gov

Amy Lynn Elson
Blackwell, Burke, & Ramsey P.C.
aelson@bbrlawpc.com

Sarah L. Fowler
Blackwell, Burke & Ramsey, P.C.
sfowler@bbrlawpc.com

Bradley A. Sarnell
U.S. DEPARTMENT OF JUSTICE - TAX DIVISION (Washington DC)
bradley.a.sarnell@usdoj.gov